UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBI DARNELL,

        Petitioner,

v.                                              Case No. 17-cv-3063-EFM-TJJ

JOHN MERCHANT, SHERIFF,
BROWN COUNTY, KANSAS, and
KICKAPOO TRIBE IN KANSAS,
KICKAPOO RESERVATION,
HORTON, KANSAS,

        Respondents.

## MEMORANDUM AND ORDER

This case involves Petitioner Bobbi Darnell's petition for writ of habeas corpus (the "Petition") for relief from her Kickapoo Tribal District Court (the "Tribal Court") detention, conviction and sentencing. The matter currently pending before the Court is Darnell's Motion to Disqualify Counsel and Law Firm (ECF No. 12). Darnell requests that attorney Thomas Lemon be disqualified from representing Respondent Kickapoo Tribe in Kansas in this case, because he was the Special Prosecutor who tried the case against Darnell before the Tribal Court and he will be a necessary witness regarding the alleged improprieties and due process violations that are the basis for the petition for writ of habeas corpus. For the reasons set out below, the Court finds attorney Lemon is not likely to be a necessary witness in this case and therefore need not be disqualified from representing the Kickapoo Tribe. The motion will therefore be denied.

I.     **Factual Background**

Darnell was convicted on March 9, 2017 in two cases before the Tribal Court of tampering with records, fraudulent handling of recordable instruments, and misuse of tribal funds. Although

initially released on a cash bond pending sentencing, Darnell was subsequently arrested and has been incarcerated in the Brown County, Kansas Jail since March 31, 2017. On April 14, 2017, Darnell filed her petition for a writ of habeas corpus (the "Petition"). On April 24, 2017, Darnell was sentenced to 18 months and 22 months incarceration, to run concurrently, on her conviction in the two cases. On May 4, 2017, Darnell filed a supplement to her Petition. In her Petition and supplement, Darnell alleges that the Tribal Court committed a number of errors and improprieties with regard to her trial, sentencing, and incarceration, and that she was deprived of her liberty without due process of law as required under the Indian Civil Rights Act.[1] Lemon served as Special Prosecutor for the Kickapoo Tribe in prosecuting Darnell and tried her jury trial that is the subject of this habeas corpus action.[2]

## II.     Summary of the Parties' Arguments

Darnell contends that the Court should disqualify Lemon from representing the Kickapoo Tribe under Kansas Rule of Professional Conduct 3.7 ("KRPC") because Lemon will be a material witness in any trial or evidentiary hearings regarding the Petition. Lemon will testify, according to Darnell, about the contested issues related to Darnell's prosecution in the Tribal Court. Darnell also contends that Lemon's client will not be prejudiced if Lemon is disqualified from representing it.

The Kickapoo Tribe contends Lemon is not likely to be a necessary witness, and any testimony he would provide with regard to Darnell's allegations is not material to the

---

[1] 25 U.S.C. § 1302(a)(8).

[2] The facts set out in this paragraph are taken from Darnell's Petition (ECF No. 1) and supplement to the Petition (ECF No. 8).

determination of the issues being litigated in this case. It further argues all of the errors that Darnell relies upon occurred in open court and there are numerous other witnesses who could provide testimony, if any, with regard to those issues.

III.   **Legal Standard for Disqualification of an Attorney Based upon KRPC 3.7(a) (The Advocate-Witness Rule)**

Two sources inform whether a district court should disqualify an attorney.[3] "First, attorneys are bound by the local rules of the court in which they appear. . . . Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."[4]

The District of Kansas has adopted the Kansas Rules of Professional Conduct ("KRPC") as the "applicable standards of professional conduct" for lawyers appearing in this Court.[5] The Court has the power to disqualify counsel at its discretion based upon these professional standards of ethics.[6] Because disqualification affects more than merely the attorney in question, the court must satisfy itself that this blunt remedy serves the purposes behind the ethical rule in question and that the motion is not being used as directed litigation strategy.[7]

A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party

---

[3] *United States v. Stiger*, 413 F.3d 1185, 1195 (10th Cir. 2005).

[4] *Id.* (quoting *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).

[5] D. Kan. Rule 83.6.1(a).

[6] *E.E.O.C. v. Orson H. Gygi Co., Inc.*, 749 F.2d 620, 621 (10th Cir. 1984); *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998).

[7] *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530–31 (D. Kan. 1992).

to have the counsel of its choice.[8] In deciding a motion to disqualify counsel, the trial court balances several competing considerations, including the privacy of the attorney-client relationship, the prerogative of a party to choose counsel, and the hardships that disqualification imposes on the parties and the entire judicial process.[9] "The right to counsel of choice is an important one subject to override for compelling reasons. Even so, this right is secondary in importance to preserving the integrity of the judicial process, maintaining the public confidence in the legal system and enforcing the ethical standards of professional conduct."[10] A motion to disqualify counsel deserves serious, conscientious, and conservative treatment.[11]

Kansas Rule of Professional Conduct ("KRPC") 3.7, upon which Darnell relies as the basis for her request to disqualify Lemon, provides:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by

---

[8] *Kelling v. Bridgestone/Firestone, Inc.*, No. 93-1319-FGT, 1994 WL 723958, at *10 (D. Kan. Oct. 17, 1994); *Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. 07-2253-DJW, 2009 WL 902424, at *5 (D. Kan. Mar. 31, 2009).

[9] *Nat'l Bank of Andover, N.A. v. Aero Standard Tooling, Inc.*, 30 Kan. App. 2d 784, 791, 49 P.3d 547, 553 (2002).

[10] *Koch*, 798 F. Supp. at 1530 n.2.

[11] *Id.* at 1530.

Rule 1.7 or Rule 1.9.[12]

One of the strongest rationales for this lawyer-witness rule is to prevent jury confusion over the separate roles of an advocate and a witness.[13] This rationale is that combining the roles of advocate and witness has the potential to prejudice the opposing party because a jury may be unclear whether an attorney asked to testify is making a statement that should be taken as proof or as an analysis of the proof.[14]

Under Kansas law, KRPC 3.7(a) "requires the opposing party to bear a higher burden on a disqualification motion, permits the court to delay ruling until it can be determined that no other witness could testify and obviates disqualification if the lawyer's testimony is merely cumulative."[15] The District of Kansas uses the so-called *Smithson* test in determining whether potential testimony is necessary and whether counsel should be disqualified based on KRPC 3.7.[16] Under the *Smithson* test, a motion for disqualification should not be granted unless: (a) the attorney would give evidence that is material to the issue being litigated, (b) such evidence is unobtainable from other sources, and (c) the testimony is prejudicial or potentially prejudicial to the testifying

---

[12] KRPC 3.7.

[13] *See Schneider v. Citimortgage, Inc.*, No. 13-4094-SAC, 2014 WL 6632939, at *2 (D. Kan. Nov. 21, 2014); *Lowe v. Experian*, 328 F. Supp. 2d 1122, 1126 (D. Kan. 2004).

[14] *Chapman Eng'rs, Inc. v. Natural Gas Sales Co.*, 766 F. Supp. 949, 957 (D. Kan. 1991) (explaining rationale for Model Rule of Professional Conduct 3.7(a) upon which the KRPC 3.7(a) is based).

[15] *United States v. Becker*, No. 10-40077-02-JAR, 2011 WL 93759, at *3 (D. Kan. Jan. 11, 2011) (quoting ABA/BNA Lawyer's Manual on Prof. Conduct § 61.507).

[16] *See Schneider*, 2014 WL 6632939, at *2 (citing *LeaseAmerica Corp. v. Stewart*, 19 Kan. App. 2d 740, 751, 876 P.2d 184, 192 (1994) (adopting *Smithson* factors).

attorney's client.[17] Disqualification will not be granted unless all three of the *Smithson* factors are met.[18]

**IV.     Whether Lemon Should be Disqualified as a Necessary Witness Based on his Potential Testimony Regarding Darnell's Habeas Corpus Allegations**

   **A.     Whether Lemon's Potential Testimony is Necessary**

Darnell lists five alleged errors in the proceedings against her that Lemon either witnessed or participated in:

1. Lemon touted the presentence investigation report prepared by a tribal parole officer as "well written" even though it recommended an illegal prison sentence and a non-existent BIA prison.

2. Lemon computed and presented an 18-year prison sentence for Darnell to the trial judge, knowing that the sentence was wrong and based on a typographical error in the tribal ordinance.

3. Lemon heard the tribal judge ask a court clerk if the judge should find one of Darnell's witnesses in contempt of court.

4. Lemon saw the tribal judge improperly sorting through names of prospective jurors during jury selection rather than using the required method of random selection.

5. Lemon saw or should have seen the tribe's general counsel   sitting next to him

---

[17] *Id.*, *See also Smithson v. U.S. Fid. & Guar. Co.*, 411 S.E.2d 850, 856 (W. Va. 1991).

[18] *Smithson*, 411 S.E.2d at 856.

6

mouthing answers to a prosecution witness under cross-examination.[19]

The Court's analysis will focus on whether testimony by Lemon regarding these five allegations would satisfy the *Smithson* test. If Lemon's potential testimony regarding each of these five allegations (referred to below as Allegation 1, 2, 3, 4, and 5) fails to meet any one of the three *Smithson* factors, he need not be disqualified.

Allegation 1 relates to Lemon's comments about the presentence investigation report prepared by a tribal probation officer. According to Darnell, Lemon stated that the report should be adopted as "well written." Darnell argues that Lemon made this comment despite the report recommending an "illegal prison sentence" of 216 months in a "non-existent BIA prison." The Court finds this allegation fails the first factor of the *Smithson* test. Any testimony given by Lemon regarding this allegation would be immaterial to the habeas corpus petition being litigated. As discussed more fully with regard to Allegation 2 below, the inaccurate 216-month prison sentence recommended by the report was not adopted by the Tribal Court. And, Darnell provides no support for her assertion that the presentence investigation report recommended a non-existent BIA prison.[20] Any statement by Lemon about his opinion regarding the quality of the report has no bearing on whether Petitioner's constitutional rights were violated.

Allegation 2 seeks relief based upon the allegation that Lemon computed an incorrect 216-month (as opposed to 18-month) prison sentence and knowingly presented this information to the Tribal Court. Again, the Court finds this information is immaterial to the issues being litigated

---

[19] Pet'r Mem. in Supp. of Mot. to Disqualify Counsel and Law Firm 2, ECF No. 12-1.

[20] The Kickapoo Tribe takes issue with this assertion in its response. Darnell did not file a reply.

because the incorrect sentence was never imposed. In addition, when Darnell's counsel raised this issue with the Tribal Court, Lemon acknowledged the typographical error in the applicable ordinance and agreed it really meant six months rather than 96 months as the prison sentence which would be applicable to Count I in both criminal cases against Darnell.[21] Notably, the sentence imposed by the Tribal Court incorporated the corrected six months sentence for Count I of both cases, with a total sentence of 18 months on all counts (multiple counts running concurrently), rather than the erroneous 216 month sentence.[22] Any testimony by Lemon regarding his personal knowledge that the ordinance contained the typographical error from which the 216-month recommended sentence was based is immaterial to the issues presented and offers nothing to support Darnell's claim that her constitutional due process rights were violated. This allegation therefore fails on the first (materiality) factor of the *Smithson* test.

Allegation 3 contends that Lemon heard the tribal judge ask a court clerk if the judge should find a witness in contempt of court. The Kickapoo Tribe responds "if such a statement was made, it was made in open Court and recorded," thus suggesting this allegation could be verified from sources other than Lemon. If, as Darnell alleges, this conduct took place in open court and Lemon could hear it, the court record as well as other persons present in the courtroom at the time would also presumably be able to provide this evidence. Darnell has not rebutted this argument.[23]

---

[21] ECF No. 8 at 5–6.

[22] *Id.* at 3.

[23] Darnell argued in the memorandum in support of her motion that Lemon will be a material witness regarding her petition for habeas corpus, that the integrity of the judicial process dictates that Lemon be disqualified from representing the Kickapoo Tribe in this proceeding, and that the Kickapoo Tribe will not be prejudiced if Lemon is disqualified from representing the tribe because Vincent Cox is another attorney who has entered his appearance on behalf of the tribe in

8

Accordingly, the Court finds Lemon is therefore not a necessary witness regarding this allegation. Lemon's potential testimony is likely to be merely cumulative of other witnesses' testimony.

In Allegation 4, Darnell alleges that Lemon observed the tribal judge improperly selecting prospective jurors during the jury selection process. Like Allegation 3, this alleged conduct would have taken place in open court and evidence of it is obtainable from either the court record or other witnesses who were present in the courtroom during jury selection. Indeed, when Darnell's counsel objected to the jury selection process at the beginning of trial, he noted that "a lot of people in the courtroom saw" the alleged improprieties.[24] Lemon is therefore not a necessary witness regarding this allegation and any testimony given by Lemon would likely be only cumulative.

Finally, with respect to Allegation 5, Darnell alleges that Lemon saw or should have seen the Kickapoo Tribe's general counsel mouthing answers to a prosecution witness under cross-examination. Yet again, this conduct could be verified from persons other than Lemon. Darnell acknowledges this in her Petition, stating that this behavior by the tribal attorney "was observed by others in the courtroom."[25] Lemon's potential testimony would again be merely cumulative.

Because none of the testimony regarding allegations made by Darnell would satisfy the *Smithson* test, the Court finds that Lemon is not likely to be a necessary witness for the purposes of

---

this case. However, Darnell failed altogether in her memorandum to address the second of the *Smithson* factors, that is whether Lemon would provide evidence that is unobtainable from other sources. Nor did she file a reply to rebut the tribe's arguments in its response that evidence regarding Allegation 3 is available from sources other than Lemon.

[24] ECF No. 15-1 at 4.

[25] ECF No. 1 at 8.

this habeas corpus proceeding, and the motion to disqualify counsel should be denied on this basis. Having found that Lemon is not a necessary witness under KRPC 3.7(a), the Court need not address the exceptions under KRPC 3.7(a)(1), (2), or (3). Similarly, since the Court finds that Lemon is not disqualified the Court need not address the request that his firm be disqualified.

> **B. The Primary Rationale for KRPC 3.7(a) is Not Applicable to Non-Jury Proceedings**

In addition to the Court's finding that Lemon is not likely to be a necessary witness, the Court further notes that the primary purpose of KRPC 3.7(a) would not be served by disqualification of Lemon in this case because of the nature of these non-jury proceedings. The primary rationale behind KRPC 3.7(a) is to prevent potential *jury* confusion in the unusual circumstance where an advocate for a client would be called on to testify.[26] Because a jury is not present for pretrial proceedings, the rule does not disqualify an attorney from participating in those activities.[27] Similarly, the rule should not apply to non-jury proceedings, as the underlying policy concerns necessitating the rule (namely, avoiding jury confusion) would not apply.[28] Though evidentiary hearings have sometimes offered an exception to this general policy, typically such exceptions are only made in instances where the evidence to be collected during the evidentiary hearing is to be presented to a jury at trial.[29]

---

[26] *See Schneider*, 2014 WL 6632939, at *2; *Lowe*, 328 F. Supp. 2d at 1126 (emphasis added).

[27] *Am. Plastic Equip.*, 2009 WL 902424, at *6.

[28] *See, e.g., Crowe v. Smith*, 151 F.3d 217, 233–34 (5th Cir. 1998)(affirming lower court decision to deny motion to disqualify filed in a bench trial).

[29] *See Lowe*, 328 F. Supp. 2d at 1127.

The Court recognizes that any hearing on Darnell's petition for writ of habeas corpus will be before a judge, thereby obviating the need to avoid jury confusion. If Lemon were required to testify, this Court has no doubt that District Judge Melgren, who will hear arguments on the habeas corpus petition, could distinguish between Lemon's role as advocate for the Kickapoo Tribe and his role as a potential witness.

The Court finds attorney Lemon's representation of the Kickapoo Tribe in this case shall not be precluded based on Darnell's argument that he is "likely to be a necessary witness"[30] in her habeas corpus proceeding. Because his potential testimony is either not material or is obtainable from other sources, the Court finds that Thomas Lemon and his firm shall not be disqualified from representing the Kickapoo Tribe in this case.

**IT IS THEREFORE ORDERED THAT** Petitioner's Motion to Disqualify Counsel and Law Firm (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated June 16, 2017, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[30] KRPC 3.7(a).